OCTOBER 8, 1803.

The Same *against* The Same—Upon rehearing a motion, &c.

The propriety of granting or not granting this motion depends on the tenth section of the act entitled " an act to establish circuit courts."

The court does not conceive that this section expressly requires or necessarily implies that the certificate of the oath or affirmation it prescribes to be taken by a circuit or assistant judge shall be recorded before he can act as such. But if, from a literal or grammatical construction of the section, it did seem necessarily to imply this requisition, it ought not to be taken as its true meaning, inasmuch as it would have rendered it impossible to have held any of the courts which were to be established by the act. Therefore, the legislature could only mean that the certificate should be recorded as soon as it could possibly or conveniently be done. And it appears in this case that the assistant judges for the circuit court of Nelson county did, at the time the contest now to be decided on arose, thus produce and cause their certificates to be recorded by Speed, who was then elected clerk and ordered to record them by a majority of the court duly qalified to direct the order. Consequently Speed was legally appointed clerk of that court.

Wherefore, it is adjudged and ordered, that the order in this case made at the last term of this court be set aside, and it is further adjudged and ordered that a peremptory mandamus do immediately issue, commanding the said Benjamin Grayson to deliver, conformably to the said act, all the records, papers, and things remaining in his possession as clerk of the late court of quarter sessions for the county of Nelson, and also as clerk of the late district court held at Bardstown in the said county, to the said Thomas Speed, as clerk of the said court.